UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOHIM EPF USA, INC., a California Corporation,<br><br>Plaintiff,<br>v.<br><br>600 N. VERMONT INC. dba GARAM; JIN WOO KIM, an individual; COMPLEX ENTITIES INC. dba SIMPLE KARAOKE; SEAN NATHAN CHO, an individual; DEGOLMOK, INC. dba DEGOLMOK NORAEBANG; SANG IL MO, an individual; HELPSTONE ENTERTAINMENT CORP. dba FEEL KARAOKE; YEAU PYUNG PARK, an individual; KG WORLD, INC. dba PHAROS SHRINE; KYUNG HEE CHOI, an individual; LEADING TOWN SDUS, INC. dba MUSIC CAFÉ CHORUS; PM ASSET MANAGEMENT LLC dba SOOPSOK KARAOKE & RESTAURANT; HEE TAEK YANG, an individual; QUEGORI NOREBANG aka Q KARAOKE; HYE MIN CHOI, an individual; WOOJS ENTERTAINMENT INC. dba RECITAL KARAOKE; WOO SEOP JAY SHIM, an individual; and DOES 1 through 20, inclusive<br><br>Defendants. | NO. 2:22-cv-07516-KS<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES<br>[DKT. NOS. 192, 193] |

1

# INTRODUCTION

On November 22, 2024, Plaintiff filed a Motion for Attorney Fees ("Motion") along with a memorandum and two declarations in support of the Motion against defendants Degolmok, Inc. dba Degolmok Noraebang ("Degolmok"), Sang Il Mo ("Mo"), Quegori Norebang aka Q Karaoke ("Q Karaoke"), Hye Min Choi ("Choi"), Jin Woo Kim ("Kim"), and 600 N. Vermont, Inc. dba Garam ("Garam") (collectively "Defendants"). (Dkt. Nos. 192, 193, 194, 195.) On November 26, 2024, the Court issued a briefing schedule for the Motion setting deadlines of December 23, 2024 for Defendants to file an Opposition and fourteen days from the date the Opposition is filed for Plaintiff to file a Reply. (Dkt. No. 196.) Defendants did not file an Opposition, and Plaintiff filed a Reply indicating that the Motion was unopposed on December 24, 2024. (Dkt. No. 197.)

The Court thus deems the matter suitable for decision without oral argument. For the following reasons, Plaintiff's Motion is **GRANTED**.

# PROCEDURAL BACKGROUND

On October 14, 2022, Plaintiff filed its Complaint alleging Defendants infringed Plaintiff's rights as the copyright holders of several compositions registered with the United States Copyright Office (hereinafter "Registered Compositions"). (*See* Dkt. No. 1.) On November 11, 2022, Plaintiff served the Complaint and Summons on Defendants. (*See* Dkt. Nos. 18, 19, 24, 25, 31, 32.) On June 15, 2023, the Honorable Michael W. Fitzgerald found that Plaintiff owns valid copyrights of the Registered Compositions and that Defendants infringed Plaintiff's copyrights through public performances and displays of the Registered Compositions without authorization. (*See* Dkt. No. 101.) The case was reassigned to the Honorable Karen L. Stevenson on January 5, 2024. (Dkt. No. 139.)

1  The Clerk entered defaults against Defendants Degolmok, Mo, and Q Karaoke on
2  November 16, 2022 (Dkt. Nos. 49, 50, 54), Defendant Choi on January 5, 2024 (Dkt. No. 141),
3  and Defendants Kim and Garam on July 31, 2024 (Dkt. No. 180).  On August 6, 2024, the
4  Court entered default judgments against Defendants Degolmok, Mo, Q Karaoke, and Choi on
5  each of Plaintiff's claims outlined in the Complaint, including its claims for willful copyright
6  infringement.  (Dkt. No. 182.)  The Court entered default judgments against Defendants Kim
7  and Garam on November 15, 2024.  (Dkt. No. 191.)  The Court awarded Plaintiff a combined
8  total of $310,000 in statutory damages based on Defendants' infringement.  (*See* Dkt. No. 182
9  at 6; Dkt. No. 191 at 6-7.)  Plaintiff filed the instant Motion on November 22, 2024 requesting
10 an award of $95,202.50 for attorneys' fees incurred in litigating this action.  (Dkt. No. 193.)

## LEGAL STANDARD

The Copyright Act provides that a court may award costs and reasonable attorneys' fees to the prevailing party in a copyright infringement action.  17 U.S.C. § 505.  The awarding of costs and attorneys' fees under section 505 is "in the sound discretion of the district courts." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 555 (1976).

When determining whether to award attorneys' fees, courts may consider the following nonexclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 534 n.19.  In applying these factors, courts must remain "faithful to the purposes of the Copyright Act."  *Id.*

For default judgments, courts in this district generally set attorneys' fees based on the schedule outlined in Local Rule 55-3.  *See* C.D. Cal. L.R. 55-3.  However, Local Rule 55-3 also states that if an "[a]n attorney claiming a fee in excess of this schedule [files] a written

request at the time of entry of the default judgment to have the attorney's fee fixed by the Court," then "[t]he Court shall hear the request and render judgment for such fee as the Court may deem reasonable." *Id.*

Courts employ the lodestar method to determine reasonable attorney fee awards. *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1094 (N.D. Cal. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). "There is a strong presumption that the lodestar figure constitutes reasonable fees, and only in exceptional cases will adjustment of the lodestar be appropriate." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-65 (1986).

## DISCUSSION

### I. Weighing *Fogerty* Factors

"Here, the Court finds that, on balance, the factors weigh in favor of the Plaintiff." *Fashioncraft-Excello, LLC v. BG Wholesale Trading Inc.*, No. CV 23-01193-AB(JPRx), 2024 U.S. Dist. LEXIS 4680, at *16 (C.D. Cal. Jan. 4, 2024). Plaintiff's success can be inferred from Defendants' defaults, and nothing in the record indicates that Plaintiff's pursuit was frivolous or objectively unreasonable. *See id.* Moreover, this action concerns "the very behavior the Copyright Act seeks to undermine, and thus, in Plaintiff[] pursuing this action, they are properly motivated in effectuating the purpose of the Copyright Act." *Sanrio Co. v. Seoul Tower Sweets LLC*, No. ED CV 23-00924-AB (PVCx), 2023 U.S. Dist. LEXIS 211665, at *18 (C.D. Cal. Nov. 22, 2023). Lastly, the consistent work of Plaintiff's counsel warrants compensation, and the behavior of Defendants warrants deterrence. *See id.* Thus, the Court

finds that an award of fees is justified and will now analyze the reasonableness of Plaintiff's counsel's requested fees.

## II. Reasonable Fee Determination

As noted, courts in this district generally award attorneys' fees for default judgments in the amount set by Local Rule 55-3. *See* C.D. Cal. L.R. 55-3. Here, Plaintiff has provided sufficient evidence to support the Court's use of the lodestar method and an award of attorneys' fees higher than would be allotted under Local Rule 55-3. (*See* Dkt. Nos. 182, 191.) Thus, the Court exercises its discretion to determine the reasonableness of Plaintiff's counsel's requested fee award using the lodestar method. *Nexon Am., Inc. v. Kumar*, No. 2:11-cv-06991-ODW(PJWx), 2012 U.S. Dist. LEXIS 47294, at *23 (C.D. Cal. Apr. 3, 2012) (citing C.D. Cal. L.R. 55-3 and 17 U.S.C. § 505) ("In light of § 505's grant of judicial discretion, the Court finds that a strict application of Local Rule 55-3's 'reasonable attorneys' fees' schedule would stand contrary to the clear language of § 505.").

### A. Billing Rates

The Court begins the lodestar analysis by determining whether Plaintiff's counsel's billing rates are reasonable. Two attorneys from Tesser|Grossman LLP ("Tesser Grossman") primarily worked on and billed to this case, Brandon M. Tesser and Robert Paredes. (Dkt. No. 192 at 8-9.) Attorney Brandon M. Tesser is a partner at Tesser Grossman. (Dkt. No. 194 at 3-4.) Mr. Tesser is a graduate of Loyola Law School and has practiced as a civil litigator in business, real estate, entertainment, intellectual property, and employment law since he was admitted to the California Bar in 1993. (*Id.*) Mr. Tesser represents that he has been recognized as a Super Lawyer by Los Angeles Magazine and is rated AV Preeminent by the Martindale-Hubbell Peer Review Ratings system. (*Id.*) Mr. Tesser's rate in this case was $550 per hour. (*Id.* at 3.)

Attorney Robert Paredes is an associate at Tesser Grossman. (*Id.* at 4.) Mr. Paredes is also a graduate of Loyola Law School and has practiced as a civil litigator in business, real estate, and entertainment law since he was admitted to the California Bar in 2008. (*Id.* at 4.) Mr. Paredes's rate in this case was $475 per hour. (*Id.* at 3.)

In determining whether an attorney's hourly rate is reasonable, courts look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The prevailing market rate in the community is indicative of a reasonable hourly rate."). A party seeking attorneys' fees must provide "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). A declaration regarding the prevailing rate in the relevant community is sufficient to establish a reasonable hourly rate. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014); *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998).

Here, Plaintiff asserts that counsel's hourly rates are "below the median hourly rates in the Los Angeles community for lawyers with comparable experience." (Dkt. No. 192 at 9.) To support the reasonableness of the hourly billing for its attorneys, Plaintiff cites several cases in which courts in this district found reasonable significantly higher billing rates for attorneys in the Los Angeles community with similar experience and professional backgrounds, including hourly rates exceeding $900 per hour for partners and $600 per hour for associates. (*Id.*) Moreover, in his declaration, Mr. Paredes states that "the rates the Firm charged Elohim in this action are less than many other firms in California charge for the same services." (Dkt. No. 194 at 3.) Mr. Paredes further declares that the fees requested are "justified" given the "Firm's attorneys are experienced and enjoy a strong reputation in the legal community" as well as "the novelty of the issues and the quality of the Firm's work in this action." (*Id.* at 3-4.)

6

As Defendants filed no opposition to the Motion to challenge these authorities, Plaintiff has met its burden to present evidence that its attorneys' requested fees are comparable to those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Chaudhry*, 751 F.3d at 1110.  The Court next considers whether the total hours expended were reasonable.

### B.  Time Billed

"The party petitioning for attorneys' fees 'bears the burden of submitting detailed time records justifying the hours claimed to have been expended.'"  *In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)); *see also Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.").  Even where, as here, there is no objection to the number of hours sought, the Court "'may not uncritically accept a fee request,' but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case."  *Open Source Sec., Inc. v. Perens*, No. 17-cv-04002-LB, 2018 U.S. Dist. LEXIS 98169, at *10 (N.D. Cal. June 9, 2018) (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002)).  Moreover, "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiff seeks to recover fees for a total of 199.1 hours of work by two attorneys—8.4 hours by Mr. Tesser and 190.7 hours by Mr. Paredes.  (Dkt. No. 192 at 8.)  Plaintiff furnished billing records from October 3, 2022 through November 20, 2024.  (*See* Dkt. No. 194.2.)

This matter has been ongoing for over two years and involves complex copyright claims against multiple non-responsive defendants. Having thoroughly reviewed the record and with those considerations in mind, the Court finds that Plaintiff's counsel reasonably expended 199.1 hours in litigating this matter.

### C. Lodestar Calculation

Applying the lodestar method, the Court multiplies the reasonable attorney rates by the hours reasonably billed in litigating this matter as follows:

| Attorney | Hours | Rate | Fees Awarded |
| --- | --- | --- | --- |
| Brandon M. Tesser | 8.4 | $550 | $4,620.00 |
| Robert Paredes | 190.7 | $475 | $90,582.50 |
| TOTAL | 199.1 | -- | $95,202.50 |

The reasonable attorneys' fees determined in this case are high compared to those set out in Local Rule 55-3. Nevertheless, given Defendants' continued refusal to participate in the litigation, the Court recognizes that the work needed to bring this matter before the Court for resolution was more protracted than is typical. Accordingly, the Court finds that the resulting fee award of $95,202.50 is reasonable under the circumstances presented in this case.

\\
\\
\\
\\
\\
\\

**CONCLUSION**

Having thoroughly reviewed the record, the Court finds that a total award to Plaintiff of $95,202.50 comprises the reasonable attorneys' fees incurred in litigating this copyright infringement action. Accordingly, IT IS ORDERED that Plaintiff's Motion for Attorney Fees is GRANTED in the amount of $95,202.50.

DATED: January 27, 2025

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE